IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **RUTH KLARIN SILVERMAN** | : |
| 1681 Woodbluff Drive | : |
| Powell, OH 43065, | : Case No. _____ |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| **ROSSMAN & CO.** | : |
| SERVE:  Business Filings Incorporated | : |
| Statutory Agent | : |
| 4400 Easton Commons Way, Suite 125 | : |
| Columbus, OH 43219 | : **(JURY DEMAND ENDORSED HEREON)** |
| | : |
| Defendant. | : |

**COMPLAINT**
**(Violations of Federal and State Debt Collection Law)**

**Jurisdiction and Venue**

1.      Plaintiff invokes the original jurisdiction of this Court under 28 U.S.C. §1331, which grants this Court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

2.      Plaintiff invokes this Court's original jurisdiction under 15 U.S.C. §1692k(d) by bringing this action against the defendant under the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.), and such an action may be brought before any appropriate United States district court without regard to the amount in controversy.

3.      Plaintiff invokes this Court's supplemental jurisdiction under 28 U.S.C. §1367 by bringing claims against the defendant under the Ohio Consumer Sales Practices Act (Ohio Rev. Code §1345.01, et seq.), which are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

[1]

4.      This Court has personal jurisdiction over the defendant because: (a) the defendant has its principal place of business in the State of Ohio and in this judicial district; (b) in cases arising under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), and in cases arising under the Ohio Consumer Sales Practices Act (hereinafter "OCSPA"), the laws of the State in which this Court sits determines whether it has personal jurisdiction over the defendant; and (c) under the laws of the State of Ohio, this Court has personal jurisdiction over the defendant because the defendant has its principal place of business at 7795 Walton Parkway in the City of New Albany, Franklin County, Ohio.

5.      Venue in this Court is proper under 28 U.S.C. §1391(b) in that the events and omissions giving rise to the plaintiff's claims occurred in this judicial district.

**Parties**

6.      Plaintiff Ruth Klarin Silverman is a natural person who, at all times material hereto, resided (and still resides) in the City of Columbus, County of Franklin, and State of Ohio.  Mail is delivered to her residence by the U.S. Post Office located in Powell, Ohio.

7.      Plaintiff is a "consumer", as that term is defined by 15 U.S.C. §1692a(3).

8.      Defendant Rossman & Co. has alleged that the plaintiff is obligated to pay a "debt", as that term is defined by 15 U.S.C. §1692a(5).

9.      Defendant Rossman & Co. is a corporation formed under the laws of the State of Ohio, and represents itself as having a principal place of business at 7795 Walton Parkway, New Albany, Ohio 43054.

10.     Defendant Rossman & Co. has appointed Business Filings Incorporated, 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219, as its Registered Agent for service of process

[2]

in Ohio. At all times material hereto, defendant Rossman & Co. was transacting business in the State of Ohio.

11.     Defendant Rossman & Co. is a "debt collector", as that term defined by 15 U.S.C. §1692a(6), because it uses interstate commerce or the mails to engage in a business whose principal purpose is the collection of consumer debts, and regularly collects or attempts to collect, directly or indirectly, consumer debts owed to another.


**Facts**

12.     Defendant Rossman & Co. mailed a letter dated June 22, 2020 to the plaintiff, alleging that it was a "private collection agency" that was asked and authorized to collect a debt owed to "OSU Medical Ctr". Defendant Rossman & Co. further alleged in its letter that plaintiff owed the sum of $34.75 to OSU Medical Ctr on Account No. 17403915. In its letter, defendant Rossman & Co. demanded payment of this sum and said that:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt . . .

Plaintiff received this letter from defendant Rossman & Co. on or about June 29, 2020. A true copy of the June 22, 2020 letter from defendant Rossman & Co is attached hereto as Exhibit "A".

13.     On July 13, 2020, plaintiff sent a reply letter by Priority U.S. Mail to defendant Rossman & Co. at P.O. Box 89471, New Albany, Ohio 43054. In her letter, plaintiff stated that:

> This is in response to your June 22, 2020 letter alleging that I owe a debt on the above-referenced accounts. I dispute your allegation that I owe such a debt, because it should have been eradicated by a patient financial assistance adjustment from the medical provider***. I therefore demand written verification of the alleged indebtedness.***

[3]

> *I further demand the full name and address of the original creditor.*
>
> Unless and until you can provide me with such verification, I instruct you to cease and desist from communicating with me concerning this alleged debt.

A true copy of plaintiff's July 13, 2020 letter to defendant Rossman & Co. is attached hereto as Exhibit "B".

14.      In response, defendant Rossman & Co. mailed a letter dated July 19, 2020 to the plaintiff containing a notice that said:

> Attached please find the requested information regarding the account(s) listed below:

| Creditor | Account # | Regarding | Amt. Owed |
|---|---|---|---|
| OSU Medical Ctr. | 17403913 | Silverman, Ruth | 1.69 |
| OSU Medical Ctr. | 17403914 | Silverman, Ruth | 8.00 |
| OSU Medical Ctr. | 17403915 | Silverman, Ruth | 34.75 |

> This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Plaintiff received the July 19, 2020 letter from defendant Rossman & Co. on or about July 26, 2020. A true copy of the July 19, 2020 letter from defendant Rossman & Co. is attached hereto as Exhibit "C".

15.      In its July 19, 2020 letter, defendant Rossman & Co. attempted to collect from the plaintiff additional debts that defendant described as Account Nos. 17403913 and 17403914.   It was the first time that defendant Rossman & Co. attempted to collect these additional debts from the plaintiff.

16.      With respect to Account Nos. 17403913 and 17403914, defendant Rossman & Co. failed to include information in its July 19, 2020 letter notifying the plaintiff that: (a) unless, within thirty

(30) days after receipt of the notice, she disputed the validity of the debt, or any portion thereof, the debt would be assumed to be valid by the debt collector; and (b) if she notified the debt collector in writing within the thirty-day period that the debt, or any portion thereof, was disputed, the debt collector would obtain verification of the debt and mail her a copy of such verification.

17.     Under 15 U.S.C. §1692a(2), the July 19, 2020 letter that the plaintiff received from defendant Rossman & Co. is defined was a "communication".

18.     Under 15 U.S.C. §1692g(a), the July 19, 2020 letter that the plaintiff received from defendant Rossman & Co., demanding payment of Account Nos. 17403913 and 17403914 for the first time, was an "initial communication" to collect these debts.

19.     Defendant Rossman & Co. was required by 15 U.S.C. §1692g(a), to include the above-described information in its July 19, 2020 letter because its letter was an "initial communication" to collect Account Nos. 17403913 and 17403914 from the plaintiff.  For its failure to include this information in its July 19, 2020 letter, defendant Rossman & Co. was required to send this information to the plaintiff within five (5) days after its "initial communication" with the plaintiff to collect Account Nos. 17403913 and 17403914 from her.

20.     Defendant Rossman & Co. has failed to send this information to the plaintiff, even though it is required by 15 U.S.C. §1692g(a).

21.     The actions and inactions of defendant Rossman & Co., described above, directly and proximately caused the plaintiff to suffer injuries-in-fact including attorney fees and court costs, emotional distress, mental anguish, anger, aggravation, anxiety, frustration, indignation, and loss of sleep.

[5]

22.     On July 28, 2020, plaintiff acting through her counsel faxed a letter to defendant Rossman & Co., notifying the defendant that it had violated 15 U.S.C. §1692g(a) and requesting a reply. The defendant failed to reply.  A true copy of the July 28, 2020 letter to defendant Rossman & Co. is attached hereto as Exhibit "D".

23.     On August 12, 2020, plaintiff acting through her counsel faxed another letter to defendant Rossman & Co., notifying the defendant that it had violated 15 U.S.C. §1692g(a), requesting a reply by August 15, 2020, and stating that the plaintiff would "presume that your silence is your admission of liability".  The defendant again failed to reply.  A true copy of the August 12, 2020 letter to defendant Rossman & Co. is attached hereto as Exhibit "E".

**First Claim for Relief: Violation(s) of the FDCPA**

24.     Plaintiff restates each and every allegation contained in Paragraphs 1 through 23, inclusive, of this Complaint as is fully rewritten herein.

25.     According to 15 U.S.C. §1692g(a):

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> * * *
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; [and]
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector . . .

[6]

26.    The actions and inactions of defendant Rossman & Co., described above, violated these provisions of 15 U.S.C. §1692g(a).

27.    By its actions and inactions, described above, defendant Rossman & Co. has admitted liability for violating 15 U.S.C. §1692g(a).

28.    In violating 15 U.S.C. §1692g(a), as described above, defendant Rossman & Co. directly and proximately caused the plaintiff to suffer injuries-in-fact for: (a) monies that plaintiff has paid or owes for attorney fees and court costs; (b) emotional distress and mental anguish; and (c) anger, aggravation, anxiety, frustration, indignation, and loss of sleep.


**Second Claim for Relief: Violation(s) of the OCSPA**

29.    Plaintiff restates each and every allegation contained in Paragraphs 1 through 28, inclusive, of this Complaint are restated as if fully rewritten herein.

30.    Ohio Rev. Code §1345.02(A) provides that:

> No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

31.    Under Ohio Rev. Code §1345.02(A), a debt collector is a "supplier" and the debts that defendant identified as Account Nos. 17403913 and 17403914 arise out of consumer transactions.

32.    The actions and inactions of defendant Rossman & Co., described above, constitute unfair acts or practices violating Ohio Rev. Code §1345.02(A).

33.    Ohio Rev. Code §1345.03(A) provides that:

> No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction.

34.     The actions and inactions of defendant Rossman & Co., described above, constitute unconscionable acts or practices violating Ohio Rev. Code §1345.03(A).

35.     The violations of Ohio Rev. Code §§1345.02(A) and 1345.03(A) by defendant Rossman & Co. directly and proximately caused the plaintiff to suffer injuries-in-fact for: (a) monies that plaintiff has paid or owes for attorney fees and court costs; (b) emotional distress and mental anguish; and (c) anger, aggravation, anxiety, frustration, indignation, and loss of sleep.

WHEREFORE, plaintiff Ruth Klarin Silverman demands judgment against defendant Rossman & Co. for:

a.      An award of statutory damages of $1,000.00 under 15 U.S.C. §1692k(a)(2);

b.      An award of actual damages under 15 U.S.C. §1692k(a)(1) and Ohio Rev. Code §1345.09(A) for monies that plaintiff has paid or owes for attorney fees and court costs; for emotional distress and mental anguish; and for anger, aggravation, anxiety, frustration, indignation, and loss of sleep.

c.      An award of treble damages under Ohio Rev. Code §1345.09(B);

d.      An award of reasonable attorney fees and the costs of this action under 15 U.S.C. §1692k(a)(3);

e.      An award of pre-judgment and post-judgment interest; and

f.      Such other relief as this Court deems necessary or proper under 15 U.S.C. §1692, et seq.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Robert J. Fitrakis*

_____

Robert J. Fitrakis (0076796)
FITRAKIS & GADELL-NEWTON, LLC
1021 East Broad Street
Columbus, OH  43205
Phone: (614) 307-9783
Fax: (614) 929-3513
E-Mail: fgnlegal@gmail.com
*Trial Attorney for Plaintiff*

[9]



06/22/20

PCB / 99    253023832061    421/0000215 / 0001

**EXHIBIT "A"**

**Rossman & Co**

614-824-6075
888-404-4040

## COLLECTION NOTICE

The Ohio Attorney General has asked and authorized Rossman & Co., as a private collection agency, to assist them in collecting the following debt(s).

| Creditor | Account Number | Service Date | Balance |
|---|---|---|---|
| OSU MEDICAL CTR | 17403915 | 05/20/19 | 34.75 |
| Total Balance Due: | | | 34.75 |
| | | | |
| | | | |
| | | | |
| | | | |

We stand ready to address any questions or concerns that you have.  Contact us at 614-824-6075 or 888-404-4040.

Pay by returning a check or money order with the enclosed coupon. Checks or money orders should be made payable to the Ohio Treasurer of State.  Include the bottom portion of this voucher, and write the account number on the face of the check.

To make a payment by phone, call Monday through Thursday between 8:00 am and 8:00 pm, and Friday 8:00 am to 5:00 pm. To pay via the internet, go to http://www.OhioattorneyGeneral.gov/Business/Collections/Pay-Online.

Please mail your check or money order for the debts listed to PO Box 89471 Cleveland, OH 44101.

To ensure that your payment receives proper handling, please be sure to enclose the payment coupon below, and send it with your payment in the envelope enclosed.  All other correspondence, including any certified mail, should be sent to:  Rossman & Co, P.O. Box 2051, New Albany, OH 43054.

*Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute this debt, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.*

THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

---

*PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT*          PAGE 1 OF 2



PO Box 2051
New Albany, OH 43054-2051
ADDRESS SERVICE REQUESTED

TO PAY BY CREDIT CARD, PLEASE COMPLETE THIS SECTION

CARD NUMBER                                          CC-ID#         EXP. DATE

CARD HOLDER NAME(please print)        SIGNATURE

Reference #:          Amount:
17403915              $34.75



Ruth Klari Silverman
1681 Woodbluff Dr
Powell, OH 43065-9296

Ohio Attorney General
PO Box 89471
Cleveland, OH 44101-6471

[10]

## EXHIBIT "B"

RUTH K. SILVERMAN
1681 Woodbluff Drive
Powell, OH 43065

July 3, 2020

Rossman & Co.
P.O. Box 89471
New Albany, OH 43054

RE:    OSU Medical Center
      Acct. No.: 17403915

Gentlemen:

     This is in response to your June 22, 2020 letter alleging that I owe a debt on the above-referenced account.  I dispute your allegation that I owe such a debt, because it should have been eradicated by a patient financial assistance adjustment from the medical provider*.  I therefore demand written verification of the alleged indebtedness.  I further demand the full name and address of the original creditor.*

     Unless and until you can provide me with such verification, I instruct you to cease and desist from communicating with me concerning this alleged debt.

Very truly yours,

Ruth K. Silverman

[11]

EXHIBIT "C"

# ROSSMAN & CO/PCB

**PO BOX 2051 NEW ALBANY, OH 43054**
**614-895-3232  800-250-8935  614-523-3824-FAX**

Jul 19, 2020

RUTH KLARI SILVERMAN
1681 WOODBLUFF DR

POWELL, OH 43065

ATTACHED PLEASE FIND THE REQUESTED INFORMATION REGARDING
THE ACCOUNT(S) LISTED BELOW.

ACCOUNT #: ARB383

| Creditor | Account # | Regarding | Amt Owed | CBR # |
|---|---|---|---|---|
| OSU MEDICAL CTR | 17403913 | SILVERMAN, RUTH KLAR | 1.69 | 0019251245 |
| OSU MEDICAL CTR | 17403914 | SILVERMAN, RUTH KLAR | 8.00 | 0019251290 |
| OSU MEDICAL CTR | 17403915 | SILVERMAN, RUTH KLAR | 34.75 | 0019251330 |
| | | | ---------- | |
| | | | 44.44 | |

THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT
TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR
THAT PURPOSE.

[12]

# EXHIBIT "D"



## FITRAKIS & GADELL-NEWTON, LLC
### ATTORNEYS AT LAW

July 28, 2020

**Sent by fax to (614) 523-3824**
Rossman & Co.
7795 Walton Pkwy., Ste. 360
New Albany, OH 43054

|  |  |
|---|---|
| Creditor: | OSU Medical Center |
| Our Client: | Ruth K. Silverman |
| Account No.: | 17403915 |

Gentlemen:

I represent Ruth K. Silverman, to whom your company sent a collection letter dated June 22, 2020 demanding payment of $34.75 on the above-referenced account. As you know, Ms. Silverman sent you a letter dated July 3, 2020 in which she denied owing OSU Medical Center on this account and requested verification of the alleged indebtedness.

Your company sent her a letter dated July 19, 2020 which said, "[a]ttached please find the requested information regarding the account(s) listed below". This letter included claims for Account No. 17403913, in the amount of $1.69, and Account No. 17403914, in the amount of $8.00. Your company did not contact Ms. Silverman before to collect these other accounts, so she could not have requested verification of those alleged debts.

Accordingly, your company's July 19, 2020 letter was your initial communication with Ms. Silverman about Account Nos. 17403913 and 17403914. A "communication" is defined by 15 U.S.C. §1692a(2) as a "means the conveying of information regarding a debt directly or indirectly to any person through any medium." A letter from a debt collector demanding payment is such a communication.[1] Your company is a "debt collector" as defined by 15 U.S.C. §1692a(6).[2]

Unless your initial communication contains the following statements, 15 U.S.C. §1692g(a) requires you to send a written "validation" notice to the consumer within five days containing: (1) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (2) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (3) a statement

---

[1] *Romea v. Heiberger & Assocs.*, 988 F.Supp. 712, 714 (S.D.N.Y. 1997), *aff'd.* 163 F.3d 111 (2d Cir. 1998).
[2] See *Lover v. Rossman & Co.*, 337 B.R. 633 (Bankr. S.D. Ohio 2001).

[13]

Rossman & Co.
Page 2
July 28, 2020

that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

It is evident that your July 19, 2020 letter to Ms. Silverman did not include a notice which contained these statements. As of this date, which is more than five days later, your company has not sent Ms. Silverman a written notice that contains these statements. A debt collector's failure to send a validation notice, after an initial communication that excludes these statements, violates §1692g(a).[3]

Your company has clearly violated §1692g(a) by failing to send Ms. Silverman validation notices regarding Account Nos. 17403913 and 17403914. The only remaining liability question is whether your company can invoke a bona fide error defense. Under 15 U.S.C. §1692k(c), the proponent of this defense must prove that the violation was not intentional, that the violation resulted from a bona fide error, and that it maintained procedures reasonably adapted to avoid any such error.[4] Such procedures mean mechanical or other "regular orderly" steps to avoid mistakes.[5] What happened here is not a failure of mechanical or other "regular orderly" steps. Therefore, the bona fide error defense does not apply.

Under 15 U.S.C. §1692k(a)(2), Ms. Silverman is entitled to statutory damages of $1,000.00. I believe that the facts underlying your company's violation justify this award.

Under §1692k(a)(1), Ms. Silverman is also entitled to actual damages for worry, distress, anger, anxiety, and loss of sleep caused by the debt collection process.[6] A person's testimony alone can "suffice to establish damages for emotional distress".[7] While there is no exact measuring stick for mental anguish damages, "the court can look to what others have done in a similar context."[8] This amount can vary widely.

Under §1692k(a)(3), Ms. Silverman is further entitled to recover attorney fees that she has incurred. This amount can only increase if your company chooses to resist her claim.

Your firm's liability is clear and unequivocal. She is willing to accept the sum of $3,500.00 in full settlement of her present claims against your company, and execute a written settlement agreement that includes non-disclosure and anti-disparagement clauses. I will wait until August 11, 2020 for your response prior to filing suit.

---

[3] *Frey v. Gangwish*, 970 F.2d 1516, 1518-19 (6th Cir. 1992).

[4] *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 614 (6th Cir. 2009).

[5] *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, LPA,* 559 U.S. 573, 587 (2010).

[6] *Villanueva v. Account Discovery Sys., LLC*, 77 F.Supp.3d 1058, 1077 (D. Colo. 2015).

[7] *Bach v. First Union Nat'l Bank,* 149 Fed.Appx. 354, 361 (6th Cir. 2005).

[8] *Randolph v. Northeast Legal Grp., LLC,* No. 2:12-cv-3800, 2014 WL 2819122, at *8 (N.D. Ala., May 23, 2014).

1021 EAST BROAD STREET, COLUMBUS, OHIO 43205
PHONE: 614-307-9783   FAX: 614-929-3513
E-MAIL: fgnlegal@gmail.com

Rossman & Co.
Page 3
July 28, 2020

Thank you for your attention.

Very truly yours,

*/s/ Robert J. Fitrakis*

Robert J. Fitrakis

RJF/ps

1021 EAST BROAD STREET, COLUMBUS, OHIO 43205
PHONE: 614-307-9783   FAX: 614-929-3513
E-MAIL: fgnlegal@gmail.com

# EXHIBIT "E"



## FITRAKIS & GADELL-NEWTON, LLC
### ATTORNEYS AT LAW

August 12, 2020

**Sent by fax to (614) 523-3824**
Rossman & Co.
7795 Walton Pkwy., Ste. 360
New Albany, OH 43054

|  |  |
|---|---|
| Creditor: | OSU Medical Center |
| Our Client: | Ruth K. Silverman |
| Account No.: | 17403915 |

Gentlemen:

As you know, I represent Ruth K. Silverman, to whom your company sent a collection letter dated June 22, 2020 demanding payment on the above-referenced account. On July 28, 2020, I faxed you the enclosed letter. It states that Ms. Silverman sent you a letter dated July 3, 2020 in which she denied owing OSU Medical Center on this account and requested verification of the alleged indebtedness.

Your company sent her a letter dated July 19, 2020 which said, "[a]ttached please find the requested information regarding the account(s) listed below". The letter included new claims for Account Nos. 17403913 and 17403914. Your company did not contact Ms. Silverman earlier to collect these other accounts, so she could not have requested verification of those alleged debts.

Your company violated 15 U.S.C. §1692g(a) by failing to send Ms. Silverman validation notices on Account Nos. 17403913 and 17403914. I wrote to you that your company's liability is clear and unequivocal; that Ms. Silverman is willing to accept the sum of $3,500.00 in full settlement of her §1692g(a) claims against your company; that Ms. Silverman is willing to execute a written settlement agreement that includes non-disclosure and anti-disparagement clauses; and that I would wait until August 11, 2020 for your response prior to filing suit.

You have failed to respond. If I do not have your response by August 15, 2020: (1) I will presume that your silence is your admission of liability, (2) you can consider my client's settlement offer to be withdrawn, and (3) you can expect a federal lawsuit for much more.

Very truly yours,

*/s/ Robert J. Fitrakis*

Robert J. Fitrakis

RJF/ps
Enc.

1021 EAST BROAD STREET, COLUMBUS, OHIO 43205
PHONE: 614-307-9783   FAX: 614-929-3513
E-MAIL: fgnlegal@gmail.com

[16]