IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Ruth Klarin Silverman,

        Plaintiff,    :    Case No. 2:20-cv-4553

  - vs -                              Judge Sarah D. Morrison
                                    Magistrate Judge Jolson
Rossman & Company,

                               :

        Defendant.

## **OPINION & ORDER**

Plaintiff Ruth Klarin Silverman initiated this Fair Debt Collection Practices Act case on September 2, 2020. (ECF No. 1.) She moved for leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) the same day. (ECF No. 2.) Her application stated her total monthly household income was $5,355 but noted a monthly income and expense deficit of $223.00. *Id*. The document further indicated Plaintiff owned a home worth $232,000 and that there were no dependents. *Id*.

Magistrate Judge Jolson issued a Report and Recommendation ("R&R") suggesting the motion be denied. (ECF No. 3.) She set forth the applicable standard for reviewing IFP requests as follows:

> An affidavit of poverty is sufficient if it reflects that the plaintiff cannot pay the Court's filing fee without depriving herself and her dependents the "necessities of life." [*Adkins v. E.I. DuPont de Nemours & Co., Inc*., 335 U.S. 331, 339 (1948) (internal quotation marks omitted)]. Although the plaintiff need not be totally destitute in order to proceed *in forma pauperis*, paying the filing fee must be more than a mere hardship. *See Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001) (noting that "the question is whether the court costs can be paid without undue hardship"). Consequently, unless it is clear that the one-time payment of the Court's filing fee will render the

> plaintiff unable to provide for herself and her dependents, the Court cannot grant her *in forma pauperis* status. *See Adkins*, 335 U.S. at 339.

(ECF No. 3 at 2.)

Applying that standard, Judge Jolson reasoned that while paying the filing fee would impose a hardship, it would not "cause [Plaintiff] to be deprived of the necessities of life." (ECF No. 3 at 2) (citing *Adkins*, 335 U.S. at 339 and *Bush v. Ohio Dep't of Rehab. & Corr.*, No. 2:05-CV-0667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007)). As such, Judge Jolson recommended denying Plaintiff's IFP application.

Plaintiff now objects. (ECF No. 4.) She asserts Judge Jolson's application of the deprivation of life's necessities standard was the wrong legal standard. Instead, Plaintiff argues her motion should be granted as her monthly income and expense deficit prohibits her from paying the fee without undue hardship. *Id*. at 1, 4-5. In support, Plaintiff cites to *Foster v. Cuyahoga HHS*, 21 F. App'x 239 (6th Cir. 2001). Therein, the Sixth Circuit held the question when addressing IFP motions is "whether the court costs can be paid without undue hardship." *Id*. at 240 (citation omitted). Noting that Foster had an annual income of $42,000, the appeals court affirmed the district court's denial of his application because he could pay the court costs without an undue hardship. *Id*.

Plaintiff's objection is unavailing. The life's necessities standard and the undue hardship standard are essentially the same: both focus on the whether the onetime payment of the Court's filing fee will render the movant unable to provide for herself and any dependents. *See Neal v. Pilsner Boys, LLC*, No. 2:19-cv-829, 2019 U.S. Dist. LEXIS 68324, at *5 (S.D. Ohio Apr. 23, 2019) (Jolson, M.J.) (citing to *Foster*, 21 F. App'x 239), aff'd by *Neal v. Pilsner Boys, LLC*, No. 2:19-cv-829, 2019 U.S. Dist. LEXIS 81087, at *1 (S.D. Ohio May 14, 2019) (Graham, J.). Thus, Judge Jolson applied the correct legal standard. Furthermore, Plaintiff's yearly household income

equates to roughly $64,000—far in excess of Foster's, which the Sixth Circuit held to be sufficient to sustain the onetime filing fee.

Because Judge Jolson applied the proper legal standard, Plaintiff's application demonstrates that she has access to sufficient assets, and a monthly income and expense deficit does not make a onetime payment of Court filing fees an undue hardship or operate to deprive Plaintiff of life's necessities, the Court **OVERRULES** Plaintiff's objection (ECF No. 4) and **ADOPTS** and **AFFIRMS** the R&R (ECF No. 3). Plaintiff's IFP motion (ECF No. 2) is **DENIED**.

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**